Ortansa MICHAELESCO,
Plaintiff–Appellant,

v.

The ESTATE OF Bernice P. RICHARD,
Robert Carr and Joelle Shefts, Executors; Lutz & Carr, CPA, LLP;
JPmorgan Chase & Co.; Good Morning America; Sotheby's International
Realty, Inc.; Vanity Fair, Inc.;
George Wachtel; Ninette S. Bordoff,
Guardian Ad Litem, Defendants–Appellees.[1]

No. 07–4988–cv.

United States Court of Appeals,
Second Circuit.

Dec. 11, 2009.

Ortansa Michaelesco, pro se, Fairfield,
CO, for Appellant.

Aimee J. Wood, Pullman & Comley,
LLC, Bridgeport, CO, for Robert Carr and
Joelle Shefts.

Daniel M. Young, Wofsey, Rosen, Kweskin & Kuriansky, LLP, Stamford, CO, for
JP Morgan Chase & Co.

Ami Shah, Peter J. Larkin, Wilson Elser
Moskowitz Edelman & Dicker LLP, White
Plains, NY, for Lutz & Carr, CPAs.

Patrick J. McHugh, Meghan A. Laganza, Finn Dixon & Herling LLP, Stamford,
CO, for Sotheby's International Realty,
Inc.

---

1. The Clerk of the Court is directed to amend the official caption to read as shown above.

Zachary G. Newman, Hahn & Hessen LLP, New York, NY, Elizabeth M. Cristofaro, Litchfield Cavo LLP, Avon, CO, for Ninette S. Bordoff, Guardian ad Litem.

Kurt W. Hansson, James Worthington, Paul Hastings Jankovsky & Walker, Stamford, CO, for American Broadcasting Companies, Inc.

PRESENT: WALKER, JOSEPH M. McLAUGHLIN, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Ortansa Michaelesco, *pro se*, appeals the denial of her motion for remand and the dismissal of her complaint as barred by *res judicata*. We review *de novo* the district court's decisions on a motion for remand, *see Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir.2008), and on a Fed. R.Civ.P. 12(b)(6) motion to dismiss, see *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir.2009). In applying these standards, we assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

### 1. *Remand*

A party opposing removal must file a motion to remand "within thirty days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Although defendants filed their notice of removal on May 7, 2007, Michaelesco failed to move for remand until September 28, 2007. Thus, her motion was untimely and properly denied. Even if we were to construe Michaelesco's June 4, 2007 letter, copied to the district court, as a timely motion for remand, we conclude, like the district court, that no remand was warranted based on defen-

dants' failure to file appearances in state court and their purported lack of unanimity. Defendants properly filed their notice of removal in federal court, *see* 28 U.S.C. § 1446(a), and we identify no error in the district court's acceptance of defendants' form of consent to the removal, *see Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005).

### 2. *Res Judicata*

Res judicata bars an action when a prior action involving the same parties or those in privity with them was adjudicated on the merits and the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir.2001). This test is satisfied here. In 2004, asserting claims arising from the same facts described in her instant complaint, Michaelesco sued the same defendants against whom she now proceeds. On January 6, 2006, the district court dismissed her complaint on the ground that her claims were time-barred.[2] Contrary to Michaelesco's contention, this was an adjudication on the merits. *See PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir.1983) (observing that "[t]he longstanding rule in this Circuit ... is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits" for purposes of *res judicata* ). Nor is there any merit to Michaelesco's assertion that the defense of *res judicata* is not properly raised on a motion to dismiss. *See Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.1992).

We have considered all of Michaelesco's remaining arguments and we conclude that

---

**2.** In 2005, Michaelesco filed a second action against the same defendants and based on the same factual allegations. The district court dismissed her complaint in that action *sua sponte* in an order dated February 28, 2006.

they are without merit. Accordingly, the judgment of the district court is AFFIRMED.[3]

---

**3.** Michaelesco's motion to set aside the district court's September 2009 order allowing attorney Christopher Sochacki to withdraw as counsel to defendant-appellant Ninette S. Bordoff is dismissed as moot.